IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK CUNNINGHAM,** | |
| Plaintiff, | |
| v. | Case No. 21-cv-247-NJR |
| **DEBBIE ISAACS and RANDAL MCBRIDE,**[1] | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Randal McBride's motion to set aside entry of default (Doc. 28).

Cunningham filed his Complaint (Doc. 1) on March 3, 2021. The Court conducted its threshold review pursuant to 28 U.S.C. § 1915A. At that time, the Court found that Cunningham stated a claim against Defendants Isaacs and McBride for deliberate indifference to a serious medical issue (Doc. 7). McBride's waiver of service was returned executed on June 1, 2021, and his Answer was due July 19, 2021 (Doc. 9). He failed to file an Answer or seek an extension of time, and, accordingly, the Court entered default against him on September 30, 2021 (Doc. 19).

On October 4, 2021, Cunningham filed a motion for summary judgment, arguing that he was entitled to judgment due to McBride's failure to Answer (Doc. 22). On

---

[1] R. McBride has identified himself by his proper name, Randal McBride. Debbie Issacs has also now identified herself by her proper name, Debbie Isaacs, in her Answer. The Clerk is DIRECTED to CORRECT the docket to reflect Defendants' proper names.

October 19, 2021, McBride filed the pending motion to set aside the default (Doc. 28).[2]

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

McBride has met the standard for vacating the default. His failure to Answer was based on a processing error that caused the service waiver and other case materials not to be sent to counsel for assignment. Counsel learned of the assignment and default on October 18, 2021. Further, counsel acted quickly to remedy the default, filing the instant motion to vacate the day after being assigned the case. Finally, McBride argues that he has a meritorious defense to Cunningham's claims.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that McBride has met the requirements of Rule 55(c) and **GRANTS** the motion to set aside entry of default (Doc. 28). The entry of default against McBride (Doc. 19) is **VACATED**. McBride is **GRANTED** leave to file his Answer or other responsive pleading on or before **October 27, 2021**. To the extent Cunningham sought judgment in this case based on the default, his motion for summary judgment is

---

[2] Isaacs previously sought to vacate the entry of default against her, which was granted on October 4, 2021 (*See* Docs. 20 and 21). On October 18, 2021, she filed her Answer to the Complaint (Doc. 24).

**DENIED as moot** (Doc. 22).

**IT IS SO ORDERED.**

**DATED:** October 20, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**