IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-247-MAB[1] |
| | ) |
| DEBBIE ISAACS and | ) |
| RANDAL McBRIDE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendant Debbie Isaacs (Doc. 52; *see also* Doc. 53). For the reasons explained below, the motion is granted.

### BACKGROUND

In March 2021, Plaintiff Derek Cunningham, an inmate in the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for purported deprivations of his constitutional rights at Big Muddy River Correctional Center (Doc. 1). More specifically, he alleges that Debbie Isaacs—the Health Care Unit Administrator at Big Muddy, and Dr. Randal McBride—the dentist at Big Muddy, were deliberately indifferent to his dental needs in violation of the Eighth Amendment (Doc. 1; Doc. 7).

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (*see* Doc. 33).

Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment deliberate indifference claim against Debbie Issacs and Randal McBride for improperly treating his teeth and failing to provide him with a special diet for his teeth (Doc. 7).

Defendant Isaacs filed her motion for summary judgment on the issue of exhaustion on January 10, 2022 (Docs. 52, 53).[2] Defendant argues there is one relevant grievance but it is not fully exhausted and also does not name, describe, or identify her as the target of the grievances (Doc. 53). Plaintiff filed his response in opposition to the motion for summary judgment on April 25, 2022 (Doc. 58). The Court reviewed both parties' briefs and determined there are no issues of fact and a hearing is not necessary.

## LEGAL STANDARDS

### *Summary Judgment*

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal

---

[2] Dr. McBride did not move for summary judgment on the issue of exhaustion.

quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). Where there are no material factual disputes, an evidentiary hearing is not necessary. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal question"). Here, there is no material facts in dispute and no hearing is required.

*Exhaustion*

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). There are slightly different procedures for non-emergency and emergency grievances. Here, only the procedure for emergency grievances is relevant.

The regulations provide that an inmate may request that a grievance be handled as an emergency by submitting the request directly to the warden. *Id*. at § 504.840. If the warden determines that "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the [inmate]," then the grievance is processed on an expedited basis. *Id*. If the inmate is not satisfied with the warden's expedited decision, he or she has thirty days to appeal to the Director of the IDOC by sending the grievance to the Administrative Review Board ("ARB"). *Id*. at § 504.850(a). The ARB submits a written report of its findings and recommendations to the Director. *Id.* at § 504.850(d). The Director then makes a final determination of the grievance. *Id.* at § 504.850(e). For grievances that were processed as an emergency, the ARB "shall expedite processing" of the appeal. *Id.* at § 504.850(f).

## FACTUAL BACKGROUND

Defendant Isaacs asserts there is only one relevant grievance (Doc. 53, p. 2), which Plaintiff does not dispute (*see* Doc. 58). It is an emergency grievance dated September 9, 2020 (Doc. 53-2). In the grievance, Plaintiff stated that he had been trying to get all of his bad teeth removed since he arrived at Big Muddy.[3] He was told that he was put on the waiting list. He further stated that recently, he'd been in a lot of pain. He sent out dental sick calls, "but everytime that he comes to see me, he refuses to give me anything for the pain." Plaintiff said the last time he saw anyone from dental was two or three weeks prior.

---

[3] According to Plaintiff's Active Living Unit History, he was transferred to Big Muddy on May 15, 2019 (Doc. 53-1).

Plaintiff complained that "he still refuses to pull the bad teeth and he also refuses to give me anything for the pain." He said he cannot eat or chew his food due to pain. For relief, he asked for "something for the pain" and to have "all the bad teeth removed as soon as possible." On September 15th, the warden determined the grievance was an emergency and ordered it to be addressed on an expedited basis. The grievance officer reviewed the grievance on September 18th and indicated that he sought input from the Health Care Unit Administrator ("HCUA"), who stated that Plaintiff "has been seen by dental for his issues," and his latest visit was on September 16th, and he was given antibiotics and pain medication. The HCUA further stated that "[d]ue to COVID-19 guidelines and [Illinois Department of Public Health], the procedure cannot be completed at this time." Based on the information received, the grievance officer recommended that the grievance be denied. The warden concurred with the recommendation and denied the grievance on September 22, 2020. Plaintiff appealed the grievance to the ARB, where it was received on September 30th. The ARB returned the grievance without reviewing it because it "fail[ed] to meet DR504.810. No date of discovery of incident provided."

## DISCUSSION

Defendant Isaacs argues that the September 2020 emergency grievance was not fully exhausted and also that it failed to identify her as the target of the grievance. The Court need not address the first argument because, even if the Court assumes that the grievance *was* fully exhausted, it is still insufficient to exhaust as to Defendant Isaacs because it does not name or otherwise describe her or her objectionable conduct.

The administrative regulations require a prisoner's grievance to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(b). If the offender does not know the names of the individual, he "must include as much descriptive information about the individual as possible." *Id.* The grievance form used by Plaintiff likewise asked for "a description of what happened, when and where it happened, and the name or identifying information for each person involved" (*see* Doc. 53-2, p. 4). *Contra Maddox v. Love*, 655 F.3d 709, 721, 722 (7th Cir. 2011) (finding inmate did not fail to exhaust even though grievance did not contain any names because, while the regulation required offender to name or describe the individual, the grievance form itself did not indicate that a name had to be provided); *Conley v. Anglin*, 513 Fed. Appx. 598, 601 (7th Cir. 2013) ("We have held that when a prisoner uses a grievance form asking only for a 'Brief Summary of Grievance,' . . . then the omission of names or identifying information does not necessarily mean that the prisoner failed to exhaust his administrative remedies so long as he otherwise followed the grievance process."). In short, the grievance must provide sufficient information to identify the defendant as the target of the complaint or to implicate them in the alleged wrongdoing. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (explaining "fatal defect" in grievance was "the absence of anything in it to indicate that [the defendant] was the target."); *see also Ward v. Hoffman*, 670 Fed. Appx. 408, 410 (7th Cir. 2016) (affirming summary judgment based on prisoner's failure to exhaust where he complained only about the procedures used by the adjustment committee and

did not mention excessive force or the defendants); *Ambrose v. Godinez*, 510 Fed. Appx. 470, 472 (7th Cir. 2013) (affirming the dismissal of prison officials where the plaintiff's grievance failed to mention the officials by name or otherwise implicate them in the alleged constitutional violation).

Here, the grievance does not contain any reference to Debbie Isaacs by name, title, description, or any other identifiers. Nor does the grievance describe any conduct that can be imputed to Defendant Isaacs. Plaintiff complained only about the failure of an individual referred to as "he" (whom the Court presumes to be the dentist) to provide Plaintiff with pain medication and remove his bad teeth. In other words, Plaintiff complained about the actions (or inactions) of the dental staff and the dental care he received (or did not receive) from them. Nothing in the grievance suggests Plaintiff was complaining about an administrator improperly handling his grievances and turning a blind eye to the inadequate dental care he was purportedly receiving. A claim that medical staff was providing inadequate treatment is distinct and unique from a claim that administrators were ignoring Plaintiff's complaints about the treatment he received or failing to ensure that he received adequate treatment. As such, the grievances cannot serve to exhaust Plaintiff's claims against Defendant Isaacs. *See Roberts*, 745 F.3d at 236; *Waldrop v. Wexford Health Sources, Inc.*, 646 Fed.Appx. 486, 490 (7th Cir. 2016) (unpublished opinion).

Accordingly, Defendant Isaacs is entitled to summary judgment and shall be dismissed without prejudice as a Defendant in this case.

## CONCLUSION

The motion for summary judgment on the issue of exhaustion filed by Defendant Debbie Isaacs (Doc. 52) is **GRANTED.** She is **DISMISSED without prejudice** as a Defendant in this case based on Plaintiff's failure to exhaust.

This matter will proceed on Plaintiff's Eighth Amendment deliberate indifference claim against Randal McBride. The stay on discovery as to the merits of Plaintiff's claims, (*see* Doc. 41), is **LIFTED**. The parties may proceed with discovery. A new schedule will be entered by separate order.

**IT IS SO ORDERED.**

**DATED: August 1, 2022**

s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**