IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-247-MAB |
| | ) |
| RANDAL MCBRIDE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on a discovery dispute that arose during the deposition of Defendant Randal McBride. In particular, the parties are unable to reach an agreement as to what portion, if any, of Dr. McBride's handwritten notes that he used during his deposition must be produced.

### BACKGROUND

Dr. McBride was deposed on June 16, 2023. At the start of his deposition, Plaintiff's counsel asked Dr. McBride what he did to prepare for the deposition (Doc. 83-2, p. 5). Dr. McBride responded, "I went through copies of my chart notes and other items that were in the patient's chart. . . . I had brief conversations with counsel that - - not a whole lot. Most of it was on my own. Took notes." (*Id.*). Plaintiff's counsel initially said that he did not need to hear anything about Dr. McBride's notes (*Id.*).

But the notes later came into play. Dr. McBride testified that Plaintiff was "seen very frequently to maintain his medicine doses" and Plaintiff's counsel then asked, "how

frequently was he seen, to the best of your knowledge or memory?" To answer that question, Dr. McBride looked at his notes and said, "[w]ell, I will just read a few here," and proceeded to read fourteen dates from his notes into the record. Plaintiff's counsel asked Dr. McBride what the notes were that he had just consulted, and the following exchange occurred:[1]

> **DR. MCBRIDE:** Copies of the chart provided by my counsel, and I abbreviated a little bit. But everything I took from, it comes directly from the chart, my notes.
> . . .
> **PLAINTIFF'S COUNSEL:** Okay. So you just handwrote some notes transcribing or summarizing information from the medical chart?
> **DR. MCBRIDE:** Yes.
> **PLAINTIFF'S COUNSEL:** Is there anything else in those notes?
> **DEFENSE COUNSEL:** I advise you not to disclose . . . anything that you wrote for communication with counsel or depicting communications with counsel. But you can generally state what - - if there's anything else, other than - -
> **DR. MCBRIDE**: I don't think so, no, no.
> **PLAINTIFF'S COUNSEL**: Okay. . . . I am going to request a copy of those notes. They can be redacted if there is any privileged information. Would you be willing to provide a copy of the notes?
> . . .
> **DEFENSE COUNSEL:** I will ask the witness, were these prepared in communication with counsel?
> **DR. MCBRIDE:** Yes, I did it before I met with counsel.
> **DEFENSE COUNSEL:** For purposes of that?
> **DR. MCBRIDE:** Yes. We discussed with her and just kind of--
> **DEFENSE COUNSEL: . . .** [Y]ou can take this up with [defense co-counsel] Alison afterwards, but I expect that she will lodge a privilege objection.

The attorneys left it there and continued the deposition. Afterwards, they conferred about the dispute and Defendant's counsel objected to producing the notes.

---

[1] This exchange comes from the deposition excerpt reproduced by the parties in their Joint Statement of Discovery Dispute submitted to the undersigned. For completeness of the record, this Joint Statement is included as an attachment to this Memorandum and Order.

However, "after persistence from Plaintiff's counsel and in an attempt to resolve the issue," Defendant's counsel decided to produce the portions of the notes that Dr. McBride referred to during his deposition (Joint Statement of Discovery Dispute). Defendant's counsel provided a redacted copy of two pages of notes, with only the dates of patient care left unredacted. Those dates include the exact dates Dr. McBride provided in his deposition testimony. However, it also included other dates that were on the same page of notes but not mentioned by Dr. McBride. Plaintiff's counsel, however, seeks to have the notes produced in their entirety, to the extent they are relevant.

The parties brought the dispute to the Court, submitting a joint statement of the discovery dispute to the undersigned. A hearing was set on the matter and both sides appeared and offered additional argument. The undersigned then informed the parties that he was inclined to conclude that Rule 612 applied and required disclosure of Dr. McBride's notes to Plaintiff's counsel, but gave the parties an opportunity to conduct further research and submit case law supporting their positions. Both sides did so. Defendant's counsel also submitted an unredacted copy of Dr. McBride's notes in their entirety to the Court for an *in camera* inspection.

## DISCUSSION

Relying on Federal Rule of Evidence 612, Plaintiff contends that he is entitled to see the notes because Dr. McBride openly consulted them during his deposition. Plaintiff further contends that the dates of service are not the only relevant information, and he is entitled to see the notes in their entirety, so long as the content is relevant to Dr. McBride's testimony. On the other hand, Dr. McBride contends that Rule 612 is inapplicable under

the circumstances here. He also contends that the notes are protected from disclosure by the attorney-client privilege and the work product doctrine. But to the extent those privileges were waived, Dr. McBride argues that it was waived only as to the portion of the notes that he actually mentioned during his deposition, meaning the dates only.

The Court first looks at whether Federal Rule of Evidence 612 is applicable to the circumstances presented here and concludes that it is. Rule 612 provides, in pertinent part, "[W]hen a witness uses a writing to refresh memory . . . while testifying . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." FED. R. EVID. 612(a)(1), (b). *See also, e.g.,* 28 FED. PRAC. & PROC. EVID. § 6183 (2d ed.) ("The vast majority of cases that have considered the issue have concluded that Rule 612 is applicable to depositions . . . ."). Dr. McBride disputes that Rule 612 applies in this particular situation, arguing that Plaintiff did not lay the proper foundation to trigger Rule 612. According to Dr. McBride, Rule 612 only comes into play when the questioning attorney "lays the foundation" that the witness is unable to recall certain facts, a writing would refresh the witness's recollection, the witness is shown the document and then testifies about their refreshed recollection. Dr. McBride's position is that Rule 612 does not apply in instances, such as here, where the witness takes an affirmative act and pulls out a document during their deposition without any prompting and refers to it or reads from it. But Dr. McBride did not offer any legal authority to support this position. Indeed, the case law submitted by Dr. McBride tends to undercut

his position.² Moreover, the case law submitted by Plaintiff,³ as well as the case law that the Court found during the course of its own research also supports the application of Rule 612 to situations like the one presented here in this discovery dispute.⁴

The Court thus concludes that Rule 612 applies here because the deposition transcript shows that Dr. McBride openly referenced his notes and used them to answer a question posed by Plaintiff's counsel.⁵ In fact, he read portions of his notes into his testimony. Therefore, pursuant to Rule 612, Plaintiff's counsel is "entitled" to see Dr. McBride's notes. FED. R. EVID. 612(b). *See also Suss v. MSX Int'l Eng'g Servs.*, 212 F.R.D. 159, 163 (S.D. N.Y. 2002) ("[I]f the witness uses the document while testifying, it must be produced."); 4 WEINSTEIN'S FEDERAL EVIDENCE § 612.04 (2023) ("[W]hen the memory of a witness who is testifying has been refreshed with a writing, the adverse party is *automatically* entitled to see the writing . . . .") (emphasis added); 5 HANDBOOK OF FED. EVID. § 612:2 (8th ed.) ("Rule 612(b) confers upon opposing counsel the *absolute right* to

---

² *S&A Painting Co. v. O.W.B. Corp.*, 103 F.R.D. 407, 408 (W.D. Pa. 1984) (applying Rule 612 where deponent looked at his own handwritten notes three times in order to ascertain dates and read from the notes on one occasion).

³ *Antero Res. Corp. v. Tejas Tubular Prod., Inc.*, 516 F. Supp. 3d 752, 754 (S.D. Ohio 2021) (finding that Rule 612 was triggered when the deponent used his notes to refresh his own recollection while testifying, and at times even read his notes into his testimony).

⁴ *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12-CV-2079-GPC(KSC), 2014 WL 12026073, at *3 (S.D. Cal. May 20, 2014) (applying Rule 612 where, without his attorney's knowledge, witness brought a timeline he had prepared to his deposition and had it underneath several pages of paper in a notepad, and witness looked at timeline in responding to questions); *Eckert v. Fitzgerald*, 119 F.R.D. 297, 299 (D.D.C. 1988) ("Rule 612 is applicable here since it appears that during Burke's deposition he referred to his notes in an effort to respond to a question."). *See also* 28 FED. PRAC. & PROC. EVID. § 6183 (2d ed.) (discussing Rule 612 and citing source that states, "[i]f the witness produces a writing sua sponte, either side should be able to see it . . . .") (citing Saltzburg & Martin, Federal Rules of Evidence Manual, § 3, p. 706 (5th ed. 1990)).

⁵ Defense counsel acknowledged at the hearing that Dr. McBride "read [his notes] and use[d] them to formulate his answer . . . ."

inspect the writing referred to by the witness while testifying . . . .") (emphasis added).

The Court next considers whether Dr. McBride is excused from producing the notes at issue because they are protected by the attorney-client privilege and the work product doctrine. The Court concludes that production is required because, even if the notes are covered by the attorney-client privilege and/or the work product doctrine, it is well-established that Dr. McBride's affirmative act to pull out the notes, consult them, use them, and even read them into the record during his deposition resulted in a waiver of these privileges.[6]

The issue for the Court thus becomes whether Dr. McBride is required to disclose his notes in their entirety or only the portions to which he referred. As previously mentioned, Dr. McBride contends that it is only appropriate to disclose the portion of the notes to which he explicitly referred—meaning the dates—and the remainder of the notes remain protected from disclosure. Plaintiff, however, argues that anything in the notes

---

[6] *See Antero Res. Corp.*, 516 F.Supp.3d at 754–55 (holding that work product protection was waived and plaintiff had to produce three documents that witness used during deposition to respond to questions) (citation omitted); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11, 13 (N.D. Ill. 1972) (holding attorney-client privilege and work-product protection waived for documents plaintiff used to refresh his recollection at his deposition). *But see Valvoline*, 2014 WL 12026073, at *5 (finding attorney-client privilege waived only as to the portion of timeline that witness referenced during his deposition, not the entire document, and finding that the limited production of the pages that contained the exact dates referenced by witness was sufficient to satisfy discloser obligation under Rule 612); *S&A Painting*, 103 F.3d at 409 (holding witness waived attorney-client privilege and work-product protection by referring to his notes during deposition but ordering disclosure of only "those parts of the notes to which reference was made" and not the otherwise privileged, unexamined portions of the notes). *See also* 28 FED. PRAC. & PROC. § 6188 (2d ed. 1994) ("Certainly a waiver should be found where disclosure of the writing's contents in fact occurs during the witness's testimony."); 3 FEDERAL EVIDENCE § 6:97 (4th ed.) ("There is little doubt that using documents to refresh memory on the witness stand waives or defeats a claim of attorney-client privilege by the calling party or a claim of work product protection by the lawyer."); 1 MCCORMICK ON EVID. § 9 (8th ed.) ("Finding a waiver when the writing is consulted by the witness while testifying is obviously warranted; it would be patently unfair for a witness to consult the writing while testifying . . . but refuse to allow the opposing counsel to see the writing.").

associated with Plaintiff's dental pain is related to Dr. McBride's testimony and must be produced. The Court finds defense counsel's very limited production of only the dates is insufficient to satisfy the obligation imposed under Rule 612.

Rule 612 requires "disclosure of the passage actually used by the witness, and other portions relating to the same subject matter." *United States v. Darden*, 70 F.3d 1507, 1540 (8th Cir. 1995) (quoting *United States v. Larranaga*, 787 F.2d 489, 501 (10th Cir. 1986). *See also* FED. R. EVID. 612(b) ("If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record."). "Access is limited to those writings that arguably have an impact upon the testimony of the witness." *Darden*, 70 F.3d at 1540. *See S & A Painting*, 103 F.R.D. at 409 (holding, and citing cases in support, that where deponent referred to only a portion of his handwritten notes during deposition, disclosure of only those portions was required, not the entire 24-page set of notes).

The Court has reviewed Dr. McBride's deposition testimony, (Doc. 83-2), as well as his full, unredacted notes. There is a total of four pages of notes. The second and third pages contain the dates that Dr. McBride recited during his deposition. After conducting an *in-camera* review of the notes, the Court concludes that the descriptions of what occurred on each date are also related to Dr. McBride's testimony. Dr. McBride did not simply recite every date that was listed in the notes; instead, he recited only select dates on which Plaintiff was seen and provided with medication. In order to choose which dates to recite, Dr. McBride must have reviewed and relied on the corresponding

descriptions. In other words, the corresponding descriptions are related to and had an impact on Dr. McBride's testimony. *See* 3 FEDERAL EVIDENCE § 6:95 (4th ed.) ("Disclosure . . . should reach everything the witness reviewed that is relevant to what he said.").

Furthermore, limiting inspection of Dr. McBride's notes to just the dates is not sufficient to achieve the purpose of Rule 612. 3 FEDERAL EVIDENCE § 6:94 (4th ed.) ("Trying to limit inspection to a few words, sentences, or paragraphs in a short document quickly reaches a point of diminishing returns, and the adversary should be able to inspect and use any documents or parts of a document consulted by a witness that are relevant to his testimony."). The corresponding descriptions provide the context necessary to cross-examine the witness and test his credibility and memory and to determine whether there is any grounds to object to the use of the notes. *See* FED. R. EVID. 612, advisory committee notes ("The purpose of the rule is . . . to promote the search of credibility and memory."); 5 HANDBOOK OF FED. EVID. § 612:2 (8th ed.) (discussing purpose of Rule 612) (citing 1 MCCORMICK ON EVID. § 9 (8th ed.).

Finally, Dr. McBride contends that disclosure of more than just the dates could "show work product, defense strategy, a lot more than just . . . [Dr. McBride's] description of what happened on each date." However, the Court is not persuaded that is the case. The notes appear to be a paraphrased factual summary, arranged chronologically, of the medical records about which Dr. McBride surely expected to be questioned. There is nothing in the two pages of notes that appears to resemble legal advice, attorney opinions or mental impressions of the case, or legal tactics and strategy. As such, the notes do not evince any true concerns regarding work-product or attorney-client privilege.

Accordingly, Defendant Randal McBride will be required to produce unredacted versions of the two pages of his notes that were previously provided to Plaintiff's counsel (pages 2 and 3). The Court finds that disclosure of the first and fourth pages of the notes is not required because there is no indication that Dr. McBride actually used any information from those pages. *See Valvoline*, 2014 WL 12026073, at *4–5; *S&A Painting*, 103 F.3d at 409–10.

## CONCLUSION

Defendant Randal McBride is **ORDERED** to produce, on or before November 16, 2023, unredacted versions of the two pages of his notes that were previously provided to Plaintiff's counsel (pages 2 and 3). If, upon review of the documents, Plaintiff's counsel believes it is necessary to reconvene the deposition, he shall file a motion with the Court within **seven (7) days** of the date of production, explaining the additional topics for questioning and anticipated length of the deposition. If no motion to reconvene the deposition is filed, then Plaintiff's response to Defendant's motion for summary judgment is due within fourteen (14) days of the date of Defendant's production.

**IT IS SO ORDERED.**

**DATED: November 3, 2023**

                                                                                      s/ Mark A. Beatty
                                                                                      **MARK A. BEATTY**
                                                                                      **United States Magistrate Judge**